## No. 17,260.

GONZALES *v.* THE PEOPLE.
(264 P. [2d] 508)

Decided December 14, 1953.

Mr. JOHN W. ELWELL, Mr. MATT J. KIKEL, for plaintiff in error.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK A. WACHOB, Deputy, Mr. NORMAN H. COMSTOCK, Assistant, for the people.

*En Banc.*

MR. JUSTICE ALTER delivered the opinion of the court.

HENRY JOE GONZALES, alias Moola A. Gonzales, was found guilty of a violation of the provisions of subdivision 13, section 28, chapter 58, '35 C.S.A., as amended by chapter 157, S.L. Colo. 1951, and section 29 of said chapter, as amended by chapter 39, S.L. Colo. 1952, making it unlawful to have in his possession a narcotic drug, to wit: Cannabis Sativa L, commonly known as marijuana, and was sentenced to a term in the penitentiary. He brings the cause here by writ of error seeking a reversal of the judgment.

The evidence on behalf of the people briefly is: Shortly before defendant's arrest he and one Marge Roth rented a room in Pueblo, giving their names as Mr. and Mrs. Ortego. They occupied the room until defendant's arrest on the early morning of April 23, 1953, when two police officers were ordered to apprehend defendant and bring him to police headquarters for questioning regarding a disturbance at a night club. While defendant was being questioned by the captain of police he consented to a search of *his* room and was accompanied by two officers for the purpose of ascertaining whether defendant had in his possession marijuana. The room was locked, and defendant had no key thereto in his possession. The door of the room was pried open either by defendant or the officers. While defendant was in *his* room the officers found fifteen marijuana cigarettes, some of which were concealed in the cookstove and some were found concealed in a magazine in a dresser drawer.

The officers found defendant's clothes in the room, but, so far as the record discloses, none of his alleged wife's clothing was found in the room except a blouse and stockings. After said search and the discovery of the marijuana therein, defendant stated that he did not know that the marijuana was there; however, he did not testify at the trial.

The landlady testified that defendant's alleged wife paid the rent and registered for herself and defendant; that defendant was present and stated that because of an injured hand, which was then bandaged, it was impossible for him to write. She further testified that both defendant and his alleged wife used the room, and that defendant had lost the key to the room. She terminated the tenancy after defendant's arrest, and it was defendant who claimed, and was paid, the refund due.

The only witness called for defendant was the woman who had registered as his wife. She testified that at some time during the night of April 22 she was so intoxicated that she could not definitely recall all of the incidents of the evening, but that in her intoxicated condition she had a desire for some marijuana for her personal use. Somewhere "downtown," perhaps in a tavern, she met a colored man and purchased the marijuana found by the officers in their search of defendant's room, paying $15.00 for the same. She found her way, in some uncertain manner, to the room and hid the marijuana in the places where the same was found by the officers. She further testified that defendant neither knew of her possession or her concealment of the marijuana.

On her cross examination she was asked, "First you called the police to protect you from him [defendant]? A. I wanted protection and they locked me up. Q. You went there for protection? A. Sure, but what protection did I get—I got locked up and paid $25.00 to get out the next morning." The record discloses that while the witness was in jail defendant was in custody also. Nevertheless the witness testified that defendant stayed with her

the night of April 22 and left the room at 6:30 o'clock on the morning of April 23 to go to his employment.

On the trial the court refused to give three instructions tendered by defendant's counsel, and no objections were interposed to the court's instructions to the jury.

The assignments of error may be summarized thusly: 1. Refusal of the court to direct a verdict; 2. refusal to give tendered instructions.

■■ 1. The evidence in the case was largely circumstantial, and before defendant could be adjudged guilty, it was necessary that the circumstances disclosed by the evidence be consistent with his guilt and exclude every reasonable hypothesis of his innocence. The court, in its instruction No. 8, imposed a greater duty upon the people than the law required for in it the jury was instructed, " * * * that it is necessary for the prosecution to show, under all circumstances, as a part of the People's case, that there is no innocent theory possible which will, without violation of reason, accord with the facts proved in the case." Further in the instruction the jury was advised that "Circumstances can never be presumed. Each fact making up the chain of circumstances must be proved beyond a reasonable doubt. To authorize a conviction upon circumstantial evidence alone, the circumstances must not only be in harmony with the guilt of the accused, but they must be of such a character that they cannot reasonably be true in the ordinary nature of things and the defendant be innocent. If there is any one single fact appearing in the evidence to the satisfaction of the Jury which is inconsistent with the defendant's guilt, this is sufficient to raise a reasonable doubt and the Jury should acquit the defendant."

■■ Defendant's counsel argues that unless it was established beyond a reasonable doubt that he had the sole and exclusive possession of the marijuana found in *his* room, the verdict must be in his favor. This is not the law. Both defendant and his alleged wife could have been guilty of the possession of the marijuana found by

the officers in their search. It must be remembered that defendant consented to take the officers to *his* room and permit a search of *his* room. The door to *his* room was pried open by him, as the testimony of one of the officers discloses; *his* clothes were found in *his* room, and it is significant that so far as the record is concerned, the only articles belonging to his alleged wife found in *his* room were a blouse, stockings and a purse. It also is significant that the alleged wife, Marge Roth, a married woman, was consorting with defendant, both before and subsequent to April 23, 1953, notwithstanding the fact that at or about the time of the discovery of the marijuana in defendant's room, she called the police to protect her against him. It also should be remembered that defendant answered the officers' question as to the marijuana by saying that he knew nothing about it, and the statement of counsel for defendant in their brief that, "The defendant emphatically denied any knowledge of the cigarettes or knowledge of how they came to be hidden in the stove." and that, "Defendant emphatically denied ownership or knowledge of the presence of the cigarettes." is not supported by any evidence in the record. It also should be remembered that Marge Roth's testimony was evasive, contradictory, and, by her own statements, proven to be false and untrue. Under these circumstances the jurors were instructed that if they believed that any witness wilfully and corruptly testified falsely to any material fact, then they had a right to disregard the whole or any part of the testimony of such witness. If the jurors had been credulous enough to have believed Marge Roth's testimony, their verdict would have been, "Not Guilty."

A trial court is not authorized to pass on and decide issues of fact. The jury determines what witnesses are worthy of credit and give credit accordingly, and it is not obligated to accept as true the testimony of any witness, notwithstanding such witness has not been contradicted or impeached.

We believe that the opinion of our court in *Conferti v. People,* 79 Colo. 666, 247 Pac. 1065, is controlling here, for therein it was contended that the circumstantial evidence was insufficient to justify a verdict of guilty. In connection with this contention our court said:

"The argument for the people is of course that these circumstances justify the conclusion that defendant was the real proprietor or at least in control. The defendant claims the contrary and argues that when evidence is wholly circumstantial there can be no conviction if it is consistent with any other theory than guilt; that this evidence is consistent with defendant's tale on the stand; that he built the building as above stated, 'got cold feet,' gave up his plan and installed Veto instead as actual proprietor and possessor, moved safe, cash register, etc., for Veto's use and other of his own property for his own convenience.

"The rule above stated is not absolute; it is not true that circumstantial evidence must be such that no possible theory other than guilt can stand, but that the theory of guilt must be beyond a reasonable doubt, i. e., the circumstances must not be consistent with innocence within a reasonable doubt (16 C.J. 763-765), and the jury must decide. It cannot be possible that circumstantial evidence must amount to a mathematical demonstration while direct evidence need only go beyond a reasonable doubt. The evidence is conflicting and the jury have decided."

In *Militello v. People,* 95 Colo. 519, 37 P. (2d) 527, is the following statement: "Exclusion of every 'possible theory other than guilt' is not required. *Conferti v. People,* 79 Colo. 666, 247 Pac. 1065. Exclusion of 'every other *rational* hypothesis,' which means *reasonable* hypothesis, is the test, and this jury was so instructed. Accepting the foregoing facts no reasonable theory, other than defendant's guilt, occurs to us as accounting for them. Doubtless such was the conclusion of the jurors. We think the evidence is sufficient." Upon the record in

the instant case no error was committed in denying defendant's motion for a directed verdict.

2. We have examined the instructions given the jury and find them to be eminently fair to defendant. It is disclosed by the record that the refusal of the court to give one of the instructions tendered by defendant is specified in the motion for a new trial as error. It reads: "The Court instructs the jury that the possession and control of a small quantity of the drug Cannabis Sativa L, which is shown by the evidence to have been owned and controlled for the personal use and gratification of the person possessing the same is not a crime."

It is axiomatic that only instructions applicable to the law in any particular case should be given, and this tendered instruction is tantamount to an admission on the part of defendant's counsel that defendant was in possession of the narcotic drug involved in this prosecution.

There is no error appearing in the record, and the judgment is affirmed.