No. 19,481.

ALFRED LEON MICKENS *v.* THE PEOPLE OF THE
STATE OF COLORADO.
(365 P. [2d] 679)

Decided October 23, 1961.

Mr. FRANCIS P. O'NEILL, for plaintiff in error.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK
E. HICKEY, Deputy, Mr. J. F. BRAUER, Assistant, for de-
fendant in error.

*In Department.*

Opinion by MR. JUSTICE FRANTZ.

MICKENS was convicted of possession of a narcotic drug and seeks reversal of judgment of conviction with directions to dismiss, or, in the alternative, that he be granted a new trial. A second count of the information had been withdrawn, and is of no importance in this review.

Officers went to a room in a Denver transient hotel and were admitted by Mickens, the sole occupant, who was then in his night clothes. They searched the room and found two hand-rolled cigarettes concealed under a rug near the bed. Finding these items, the officers required Mickens to dress and accompany them to the police station. There, his clothing was searched and debris removed from his pockets. He was detained thereafter and subsequently charged with the unlawful possession of a narcotic drug, namely, Cannabis Sativa L., and, in a second count, with a prior conviction of unlawful possession.

· At the time of trial, the foregoing facts were established. Also, in the course of the trial, the two cigarettes found in the room and envelopes containing the debris from defendant's pockets were identified as People's exhibits. A laboratory technician testified he examined the cigarettes and they contained Cannabis Sativa L., or marijuana. Some of the debris taken from defendant's pockets was likewise, according to the technician's testimony, found to contain small particles of the same substance.

This evidence constituted the People's case. Mickens moved for a directed verdict of acquittal, which was denied. He did not testify himself, and offered no evidence in defense.

Instructions numbered 8 and 9 were definite. By Instruction No. 8 the trial court quoted a portion of C.R.S. '53, 48-6-1 (13), defining marijuana as including "all parts of the plant Cannabis Sativa L., whether growing or not." Objection was made to the giving of this in-

struction, although admittedly it quoted the statutory definition of marijuana.

Instruction No. 9 related to a definition of the term "possession" and read as follows:

"The Court instructs the jury that 'to possess' and 'possession,' as these words are used in these instructions, does not necessarily mean physical possession or control but does mean actual and immediate dominion or control over the object or thing alleged to be possessed; further, by way of definition, it is also essential that the person charged with the unlawful possession of a narcotic drug know of the presence of the object or thing alleged to be possessed; and finally it is essential that the person charged with the unlawful possession of a narcotic drug know that the object or thing allegedly possessed is a narcotic drug."

The grounds on which defendant seeks reversal of this conviction may be summarized as:

1. That the People's evidence was insufficient to submit to a jury the issue of defendant's guilt; that defendant's motion for directed verdict, at the conclusion of the People's case, should have been granted.

2. That Instructions 8 and 9 did not properly define the law relating to possession of the narcotic drug.

3. That the court should, although not so requested by either the prosecution or defendant, on its own motion have given the jury an instruction on circumstantial evidence.

On the first proposition, that of insufficient evidence, defendant argues that the State failed to prove defendant was actually in "possession" of a narcotic drug as charged, or as contemplated by the statute. He contends the two cigarettes found concealed in a transient hotel room, even though occupied by defendant, could well have been left by another or former occupant. He points out that the State failed to adduce evidence, from the hotel records or employees, that defendant was the registered occupant of the room, or the sole occupant,

whether defendant was a transient or permanent guest, the identity of the former occupant or occupants, and whether the room had been cleaned just prior to defendant taking possession.

Defendant contends that, because of the lack of evidence of the extent and nature of defendant's occupancy, the State failed to prove that defendant was in "possession" of the subject cigarettes as "possession" is contemplated in the statute, that the evidence left to speculation and conjecture such question of possession, and that submitting such issue to the jury was error.

As to the particles of Cannabis found in his pockets, defendant apparently does not contend these were not in his "possession," but he argues that such were so minute as to be incapable of use and did not, therefore, as a matter of law, constitute a "narcotic drug" within the meaning of the statute.

We do not believe either of these contentions have merit.

The evidence concerning possession of the two cigarettes, while circumstantial, was competent. *Gonzales v. People,* 128 Colo. 522, 264 P. (2d) 508. The evidence of particles of the drug found in the defendant's pockets was, likewise, competent, direct evidence. *Duran v. People,* 145 Colo. 563, 360 P. (2d) 132.

The fact of the defendant's occupancy of the room, attired for sleep, excludes any reasonable hypothesis of a casual occupant. The finding of the cigarettes in the room occupied by defendant, considered with the finding of particles of the drug in his pockets, all unexplained by defendant, was certainly evidence upon which the jury could base its finding of defendant's guilt. We conclude that these issues of fact were properly submitted to the jury and the jury's finding, based on competent evidence, will not be disturbed.

Next, we consider the propriety of Instructions 8 and 9, the giving of which defendant says was error.

Instruction No. 8 is a definition of Cannabis, a

direct quotation from the statute. Defendant apparently argues that the statute does not contemplate that minute particles of the plant Cannabis Sativa L. shall constitute the drug in question; that the volume must be sufficient to be susceptible of use; otherwise, there is no forbidden substance to possess. Recently we considered this contention in an aspect other than instructions, and held to the contrary. There is no longer any doubt that the possession of a modicum of marijuana brings one within the inhibitions of the statute. *Duran v. People,* supra.

Instruction No. 9 is said to be ambiguous in its wording and context: that if a defendant happened to be in the vicinity of a forbidden substance, he might be construed to be "in possession." We cannot read into this instruction any such ambiguity; it is a fair exposition of the law's contemplation of "possession" and eminently fair to defendant.

Finally, defendant contends the court erred in not, of its own initiative, giving the jury an instruction on circumstantial evidence.

While we adhere to the proposition that the court should take every reasonable precaution to insure a defendant in a criminal cause a fair and impartial trial and has a duty to fully instruct the jury on every issue presented whether requested to do so or not, we are persuaded that under the circumstances and evidence in the present case it was the responsibility of defendant's counsel to request such instruction if he believed circumstances warranted, and, having failed to do so, defendant cannot now complain that such instruction was not given. Further, as stated above, the record clearly shows the People's evidence was not solely circumstantial, and authorities cited by defendant in support of his contentions are not applicable in the instant case.

Perceiving no error on the part of the trial court, its judgment is affirmed.

MR. CHIEF JUSTICE HALL and MR. JUSTICE McWILLIAMS concur.