No. 23039.

THE PEOPLE OF THE STATE OF COLORADO *v.* THEODORE WAY.
(437 P.2d 535)

Decided February 26, 1968.

DUKE W. DUNBAR, Attorney General, JAMES D. Mc-KEVITT, District Attorney, MARSHALL A. FOGEL, Deputy, JAMES W. CREAMER, JR., Deputy, for plaintiff in error.

No appearance for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE MOORE delivered the opinion of the Court.

THEODORE WAY was charged with robbery and conspiring to commit robbery. Trial was to a jury which found him not guilty of robbery but found him guilty of conspiracy to commit robbery. Motion for Judgment of Acquittal and/or for New Trial was filed by counsel for Way, and after a hearing thereon the trial court sustained the motion and ordered that the defendant be discharged from custody. The trial court found that the only evidence offered tending to establish the crime of conspiracy was the evidence tending to prove that Way was an active participant in the robbery which was the subject matter of the count upon which he was found not guilty.

On writ of error it is urged by the people that the trial court erred in granting the motion. It is argued that we should reverse the judgment of acquittal and remand the case back to the district court with directions to enter judgment on the verdict and to impose an appropriate sentence. No appearance has been made by or on behalf of Way.

The decision of the trial court was made in reliance on our holding in *Robles v. People,* 160 Colo. 297, 417 P.2d 232, in which this court said, *inter alia:*

"In the case before us, it is true that the People established the commission of the Welcome Inn robbery by two gunmen. The extrajudicial statements of the defendant, if voluntary, therefore constituted sufficient

evidence to sustain a verdict of guilty of robbery if such a verdict had been found. However, the jury, based on the evidence before it, found that the defendant was *not guilty* of the robbery. The very same evidence which the jury apparently did not believe was sufficient to prove the defendant participated in the robbery was the *only* evidence which could prove him guilty of conspiracy. Under such circumstances, the conspiracy verdict cannot stand."

 The above quoted language is in all respects applicable to the instant case and the court did not err in granting the motion. If counsel for the people insist upon submitting to the jury a count of conspiracy as well as a count of robbery where the evidence which would convict upon either charge is exactly the same, the jury should be instructed that it cannot convict on one count and acquit on the other.

The judgment is affirmed.

MR. JUSTICE MCWILLIAMS and MR. JUSTICE KELLEY specially concurring.

MR. JUSTICE MCWILLIAMS specially concurring.

I specially concur and shall briefly explain my position in this matter.

The rule announced by the majority of this Court in *Robles v. People*, 160 Colo. 297, 417 P.2d 232 in my view dictates and requires that the judgment in the instant case be affirmed. It is *only* for this reason that I now concur in the determination that the defendant was properly acquitted of the charge of conspiracy by action of the trial court, even though a jury of his peers had theretofore determined otherwise.

It is still my very strong personal conviction that the two verdicts of the jury in the instant case are *not* necessarily inconsistent and that even if the verdicts be deemed inconsistent, under *several* prior decisions of this Court such a determination *does not* mean that the

guilty verdict as to the conspiracy charge must be set aside and not permitted to stand. For a detailed statement as to my views on this particular subject, see my dissent in *Robles v. People, supra.*

Mr. Justice Kelley has authorized me to state that he joins in this specially concurring opinion.