No. 23844.

HORACIO ANGELO MACIAS *v.* THE PEOPLE OF THE STATE OF COLORADO.
(484 P.2d 782)

Decided May 10, 1971.

EUGENE DEIKMAN, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, JOHN P. MOORE, Deputy, EUGENE C. CAVALIERE, Assistant, for defendant in error.

*In Department.*

Opinion by LAWRENCE THULEMEYER, District Judge.*

THIS case is here on writ of error to review the conviction of plaintiff in error of conspiracy to possess a narcotic drug, heroin.

Horacio Angelo Macias, plaintiff in error, will hereinafter be referred to as defendant.

The conviction of defendant was based on circumstantial evidence and the record shows the following factual situation.

On October 20, 1967, four detectives of the Intelligence and Narcotics Division of the Denver Police Department went to 4486 Pecos Street, Denver, Colorado, to execute a search warrant for narcotics. Service of the warrant was made on Salvador Macias and his wife, Mary Macias, at the above residence, and the search was then undertaken. Five capsules containing heroin, a small quantity of marijuana, wheat-straw papers, a hypodermic needle, and narcotics paraphernalia were found in various rooms in the house. However, in the front bedroom, which the defendant occupied from time to time, no narcotics were found, although the officers located some balloons, one under a pillow on the bed and another on the floor.

At the time of the search, the detectives recognized needle injection marks on the arm of Mary Macias. She told one of the detectives that she was taking care of the defendant's daughter who slept in the front bedroom with the defendant. Sometimes the defendant slept on the couch.

Six days later the defendant was arrested at 2893

North Speer Boulevard. He told one of the detectives that he lived at 4486 Pecos Street with his brother part of the time, but he denied any knowledge of heroin and marijuana at that address and said it must have been Mary's if it belonged to anybody.

The fifty-five-year-old mother of defendant testified that she lived at 1781 West Scott Place and that defendant had been living with her for a long time, approximately six months, but that defendant's daughter, Lucinda, had been living at Salvador's home for approximately six months. She also testified that defendant went to see his daughter almost every day.

Defendant was charged with four counts: in the first count, with unlawfully and feloniously having in his possession a narcotic drug, heroin; in the second count, with conspiracy to possess a narcotic drug, heroin; in the third count, with possession of a narcotic drug, cannabis; and in the fourth count, with conspiracy to possess cannabis. After the People had rested their case, defendant moved for judgment of acquittal on all four counts. The court granted defendant's motion for acquittal on all counts except count two, conspiracy to possess heroin.

The record affirmatively established that defendant was not in exclusive possession and control of the premises at 4486 Pecos Street. At most, he occupied the front room only occasionally. Under these circumstances, the rule announced in *Petty v. People,* 167 Colo. 240, 447 P.2d 217, is here applicable. In that case this Court stated: "However, where a person is in possession, but not exclusive possession, of the premises, it may not be inferred that he knew of the presence of marijuana there and had control of it unless there are statements or other circumstances tending to buttress the inference. *Evans v. United States,* 257 F.2d 121; *People v. Antista,* 129 Cal. App. 2d 47, 276 P.2d 177. Similarly, joint possession cannot be established by the fact that the defendant is or has been in the company of one having possession of the substance in the absence of an additional independent

factor linking the defendant with it. *State v. Faircloth,* 181 Neb. 333, 148 N.W.2d 187; *State v. Hunt,* 91 Ariz. 149, 370 P.2d 642; *State v. Carroll,* 90 Ariz. 411, 368 P.2d 649. These rules lend specificity to the general rule expressed in *Gonzales v. People, supra,* and other Colorado decisions that, when the evidence in a case is wholly circumstantial, the trial judge must be satisfied that it excludes every reasonable hypothesis of innocence before he can submit it to the jury."

In *Gonzales v. People,* 128 Colo. 522, 264 P.2d 508, this Court held:

"The evidence in the case was largely circumstantial, and before defendant could be adjudged guilty, it was necessary that the circumstances disclosed by the evidence be consistent with his guilt and exclude every reasonable hypothesis of his innocence. * * *"

*See also Drahn v. People,* 174 Colo. 157, 483 P.2d 209, announced March 29, 1971.

Since the evidence in this case is wholly circumstantial and did not exclude every reasonable hypothesis of defendant's innocence, the court erred in failing to grant defendant's motion for acquittal on the count of conspiracy to possess heroin.

In view of our disposition, it is not necessary to discuss the other assignments of error.

The judgment of conviction is reversed and the defendant is ordered discharged.

MR. CHIEF JUSTICE PRINGLE, MR. JUSTICE LEE and DEAN C. MABRY, District Judge* concur.

---

*District Judge sitting under assignment by the Chief Justice under provisions of article VI, section 5(3) of the constitution of Colorado.