## No. 24055.

EDWIN EVANS FAGIN, EUGENE EDWARD SISNEROS AND DAVID
LUTHER MONTOYA *v.* THE PEOPLE OF THE STATE OF
COLORADO.
(484 P.2d 1216)

Decided May 17, 1971.

JOSEPH A. VENTO, for plaintiffs in error.

DUKE W. DUNBAR, Attorney General, JOHN P. MOORE, Deputy, MICHAEL T. HALEY, Assistant, for defendant in error.

*In Department.*

Opinion by EARL A. WOLVINGTON, District Judge.*

THE plaintiffs in error will be referred to as defendants or by name. The defendants were charged in the District Court of Pueblo County with two counts: Possession of a narcotic drug (C.R.S. 1963, 48-5-2 and 48-5-20); and conspiracy to possess a narcotic drug (C.R.S. 1963, 40-7-35). The defendants Fagin and Sisneros were found guilty of both counts, but the defendant Montoya was found guilty of only the second count (conspiracy).

Officers Trujillo and Gaide observed the car in which the defendants were riding proceeding in an erratic fashion. The officers turned on their red light, but before the Fagin car came to a stop, the officers noticed considerable commotion and movements by the defendants and something white in color thrown out the right side of the vehicle.

Officer Gaide gave the defendants a verbal warning and then let them proceed. The officers then went back to inspect what the defendants had thrown from their car. They found sixteen cigarettes which they believed contained marijuana. They picked up Sergeant Williams and proceeded to follow the defendants.

The defendants had driven a course which brought them back to the intersection where the cigarettes had

---

*District Judge sitting under assignment by the Chief Justice under provisions of article VI, section 5(3) of the constitution of Colorado.

been found and they stopped in a parking lot across the avenue. It was there that the defendants were apprehended. Defendants Fagin and Sisneros appeared to be under the influence of either drugs or alcohol but there was no identifiable odor about them. Defendant Montoya did not appear to be under the influence of either.

A search of defendants' clothes revealed marijuana debris, about the size of a dime, in the trouser pockets of defendants Fagin and Sisneros. Defendants' car was also searched at the police parking lot and a part of a partially smoked marijuana cigarette was found under the right front floormat. Laboratory tests established that the sixteen cigarettes, the pocket debris and the partially smoked cigarette contained Cannabis Sativa L., commonly known as marijuana.

Defendants argue that the trial court erred in giving instruction No. 10 as follows: "The Court instructs you that the statute prohibiting the possession of Cannabis Sativa L. applies to the possession of any amount of the drug." While the statute does not include the word "any," this court has consistently held that the statute denounces the possession of *any* amount of a narcotic drug. *Casias v. People,* 160 Colo. 152, 415 P.2d 344; *Mickens v. People,* 148 Colo. 237, 365 P.2d 679; *Duran v. People,* 145 Colo. 563, 360 P.2d 132. There was sufficient evidence introduced for the jury to find the defendants Fagin and Sisneros guilty of possession.

The defendant Montoya asserts that because the jury found him not guilty of possession, the guilty verdict of conspiracy to possess is inconsistent and his conviction should be reversed. We have carefully reviewed the record of the trial below and are unable to find evidence of conspiracy apart from that introduced in support of the substantive crime of possession as to Montoya. As the jury found the evidence was insufficient to establish Montoya's guilt as to the possession charge, it follows that the conviction on the conspiracy count must fall as well. See *Petty v. People,* 167 Colo. 240, 447 P.2d 217

(1969); *People v. Way,* 165 Colo. 161, 437 P.2d 535 (1968); *Robles v. People,* 160 Colo. 297, 417 P.2d 232 (1966).

Finally, defendants argue that Exhibits A, B, C, D and E should not have been admitted into evidence. Suffice it to say that this argument is without merit and the trial court was correct in admitting the exhibits.

The judgment is affirmed as to defendants Fagin and Sisneros and reversed as to defendant Montoya and remanded with direction that he be ordered discharged.

MR. JUSTICE DAY, MR. JUSTICE LEE and WILLIAM L. GOBIN, District Judge* concur.

*District Judge sitting under assignment by the Chief Justice under provisions of article VI, section 5(3) of the constitution of Colorado.