No. 24387

Robert A. Feltes, Yvonne R. Gabriel, Martin A. Houston, Patricia R. Houston, a/k/a Patricia R. Petry, John T. Jones, James M. Kennedy, Michael L. Kennedy, a/k/a Michel L. Kennedy, a/k/a Mike Kennedy, Sheryl L. Kennedy, Milton V. Petry, Gayle A. Willemstein, and Robert D. Willemstein v. The People of the State of Colorado

(498 P.2d 1128)

Decided June 12, 1972.

410

Hemminger, McKendree, Vamos and Elliot, Gary H. Hemminger, F. Richard Hite, for plaintiffs in error.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Michael T. Haley, ·Assistant, David A. Sorenson, Assistant, for defendants in error.

*In Department.*

Opinion by MR. JUSTICE HODGES.

The defendants were convicted of possession of narcotic drugs and all except Yvonne Gabriel were also convicted of

conspiracy to possess narcotic drugs. On writ of error, they allege first: that the information did not give the accused proper or adequate notice of the offenses charged; and, secondly, that there was insufficient evidence to establish either possession of narcotics or conspiracy to possess narcotics. It is our view that the information did sufficiently advise the accused of the charges against them. We also hold that there was sufficient evidence to convict John Jones, Yvonne Gabriel, Robert Feltes, and the two Willemsteins of possession of narcotics and Jones and the Willemsteins of conspiracy to possess narcotic drugs. All other convictions are reversed, however, because of insufficiency of the evidence.

At approximately 7:30 a.m. on the morning of January 5, 1969, the Gilpin County Sheriff led a group of law enforcement officers on a search of the Heidi Chalet at Blackhawk, Colorado. Acting under a search warrant, these officers discovered certain amounts of marijuana, hashish, methamphetamine, and related paraphernalia in various locations in the Chalet. The defendants were in the Chalet at the time. Their location in the Chalet and the location of the contraband seized are described in the following paragraphs.

In a second floor bathroom, which was apparently used by all of the occupants, officers found a bag of marijuana on a shelf in the corner.

Defendants Martin and Patricia Houston were sleeping in bedroom number 1. A search of this room disclosed a small box containing marijuana debris in a drawer of the dresser.

Defendants Robert Feltes and Yvonne Gabriel were sleeping in bedroom number 2. A search of this room disclosed a bag containing marijuana and methamphetamine in open view on the table next to the bed.

Defendants James and Sheryl Kennedy were sleeping in bedroom number 3, but no narcotics were discovered in this room.

Defendants Robert and Gayle Willemstein, and defendant John Jones were in bedroom number 4. A search of the room disclosed (1) a bag of marijuana located in a box beside the

bed; (2) a bag of marijuana lying on the bottom shelf of a bedside table; (3) a bag of marijuana located on the floor beneath the bedside table; (4) a prescription vial in the drawer of the bedside table containing hashish; (5) a homemade water pipe containing marijuana on a table in the corner of the room; and (6) between the springs and sideboard of the bed a kit was found which contained cotton, a homemade syringe, a spoon cooker, two needles, a glass vial and what looked like a fingernail pick.

Defendant Mike Kennedy was in bedroom number 5 and no contraband was found there.

Defendant Petry was sleeping on a couch in the living room. Marijuana seeds were discovered under the cushions of the couch.

The officers also found a cigarette roller with marijuana particles in a storage room.

The Chalet had been under surveillance by law enforcement officers for several weeks prior to the day it was searched and the defendants were arrested. Evidence was presented regarding the length of occupancy of each defendant, their previous stays at the Chalet, and which bedroom they occupied. This evidence in many respects is conflicting and somewhat confusing. It did, however, show that prior to the day of the search, all the defendants had stayed at the Chalet at various previous times. For example, this evidence revealed that the Willemsteins were at the Chalet on November 10 and 11, December 25, and every night but one between December 29, 1968 and January 5, 1969, when they were occupying bedroom number 4, which room they had occupied during at least two previous stays.

Defense witnesses also testified that everyone could come and go as they pleased inside the Chalet and that no one had an assigned room.

I.

■ We will first consider defendants' argument that the information did not properly or adequately inform the accused of the charges they faced. The defendants argue that under the wording of C.R.S. 1963, 48-5-2 there are 11

alternative ways of violating the statute and that the information failed to charge the defendants with sufficient specificity as to how they had violated the statute. We do not agree with this contention. The First Count of the information charged that each of the defendants "did unlawfully and feloniously have under his or her control a narcotic drug, to-wit: Cannabis Sativa L." The Second Count charged the defendants with conspiracy to possess a narcotic drug. In our view, the information clearly and definitely informed the defendants of the charges made against them.

Although the statute in question sets forth alternative ways in which an offense may be committed under its provisions, the first count of the information stated that each of the defendants are charged with a violation of only one of these alternatives, to-wit, having a narcotic drug under his or her control. The second count charged each with conspiracy to violate C.R.S. 1963, 48-5-2. This information is sufficiently specific so as to inform each of the defendants of the offenses charged and to protect them against further prosecutions for the same offenses. *Diggs v. People,* 177 Colo. 60, 492 P.2d 840; *People v. Allen,* 167 Colo. 158, 446 P.2d 223; *People v. Warner,* 112 Colo. 565, 151 P.2d 975.

II.

Defendants next assert that it was error for the trial court to deny defendants' motion for judgment of acquittal and to submit the case to the jury because of insufficiency of the evidence. Before discussing the evidence in relation to the individual defendants, a few observations on the general law in this state on this subject are in order. In *Petty v. People,* 167 Colo. 240, 447 P.2d 217 (1968), this Court summarized the law as follows:

". . .a conviction for possession may be predicated upon circumstantial evidence. *Mickens v. People,* 148 Colo. 237, 365 P.2d 679. A conviction of illegal possession may be based upon evidence that the marijuana, while not found on the person of the defendant, was in a place under his dominion and control. *Duran v. People,* 145 Colo. 563, 360 P.2d 132; *Gonzales v. People,* 128 Colo. 522, 264 P.2d 508.

If possession is established, knowledge of the character of the drug and the fact that it is possessed can be inferred therefrom. [citation omitted.] Possession need not be exclusive and the substance can be possessed jointly by a person and another without a showing that the person had actual physical control thereof. *Gallegos v. People,* 139 Colo. 166, 337 P.2d 961.

"However, where a person is in possession, but not in exclusive possession of the premises, it may not be inferred that he knew of the presence of marijuana there and had control of it unless there are statements or other circumstances tending to buttress the inference. *Evans v. United States,* 257 F.2d 121; *People v. Antista,* 129 Cal. App. 2d 47, 276 P.2d 177. Similarly joint possession cannot be established by the fact that the defendant is or has been in the company of one having possession of the substance in the absence of an additional factor linking the defendant with it. *State v. Faircloth,* 181 Neb. 333, 148 N.W.2d 187; *State v. Hunt,* 91 Ariz. 149, 370 P.2d 642; *State v. Carroll,* 90 Ariz. 411, 368 P.2d 649. These rules lend specificity to the general rule expressed in *Gonzales v. People, supra,* and other Colorado decisions that, when the evidence in a case is wholly circumstantial, the trial judge must be satisfied that it excludes every reasonable hypothesis of innocence before he can submit it to the jury."

Under the facts of this case, where there was no exclusive possession of either the premises as a whole, or of any of the rooms within the Chalet, additional links in the evidence must be provided to connect the individual defendants with the contraband discovered to prove possession and control to the exclusion of any reasonable hypothesis of innocence. *Macias v. People,* 174 Colo. 437, 484 P.2d 782; *Moore v. People,* 171 Colo. 338, 467 P.2d 50; *Gonzales v. People,* 128 Colo. 522, 264 P.2d 508. In those cases where all reasonable hypotheses of innocence are excluded, the question of whether a defendant had dominion and control over the contraband, and hence, possession of narcotics, is a matter to be resolved by the jury under proper instructions.

*Duran v. People,* 145 Colo. 563, 360 P.2d 132.

Our research has disclosed a number of recent cases from several jurisdictions which are in accord with the Colorado law applicable to non-exclusive possession of the place searched in narcotics cases. In *People v. Mosley,* 265 N.E.2d 889 (Ill. App. 1971), the court held that discovery of marijuana in the trunk of a car in which the defendant was a passenger was not sufficient to establish the defendant's possession thereof. In *Commonwealth v. Florida,* 272 A.2d 476 (Pa. 1971), the court held that guests at a party could not be convicted of possession because a jar containing marijuana and four butts in an ashtray were found on the premises when no marijuana was found on any of the defendants. Mere proof of the defendants' presence at the party with an opportunity to use or possess marijuana is insufficient to convict. In *State v. Haynes,* 25 Ohio St. 2d 264, 267 N.E.2d 787 (1970), the court held that where the only evidence of possession is the police discovery of narcotics in the general living area of the apartment occupied by defendant and four others, such evidence is not sufficient to convict for possession. In *Brown v. State,* 481 P.2d 475 (Okla. 1971), the court held that where the defendants did not have exclusive use or possession of the apartment and the evidence established that the apartment door was always unlocked, guilty knowledge and control of four grams of marijuana found in the apartment cannot be presumed. *See* also *Thornton v. State,* 481 P.2d 484 (Okla. 1971); *Commonwealth v. Schuloff,* 275 A.2d 835 (Pa. App. 1971); *State ex rel. Glantz v. District Court,* 461 P.2d 193 (Mont. 1969). In *Langdon v. State,* 235 So.2d 321 (Fla. App. 1970), it was held that a defendant who admitted living in a bus of which he was not the owner, could not be guilty of possession where he was one of eight occupants of the bus in which a small quantity of marijuana was found.

Applying these principles to the present case, we find that the possession convictions of James, Sheryl and Mike Kennedy, Milton Petry, and the two Houstons cannot be sustained on the evidence. No contraband was found in

proximity to any of the Kennedys. While James and Sheryl Kennedy were frequent overnight guests at the Chalet, no marijuana was found in the bedroom which they occupied and there was no evidence other than their presence at the Chalet to link them with possession. The same is true of Mike Kennedy. Even though Milton Petry was sleeping on a couch which had marijuana seeds under its cushions, this without more does not show knowing possession of narcotics. Although a box containing debris wad found in the dresser drawer in the room occupied by the Houstons, there was nothing more to link this debris with the Houstons. In relation to these defendants, the evidence established nothing more than presence in a place where narcotics were found and certainly does not rule out all reasonable hypotheses of innocence. Mere presence without another additional link in the evidence will not sustain a conviction for possession.

■ Robert Feltes and Yvonne Gabriel were found in close proximity to a bag of marijuana. The marijuana was in plain view on a table next to the bed occupied by these two persons. This is enough of a link to connect Felts and Gabriel with knowing possession of the marijuana. The two Willemsteins and Jones were found in a room which also contained a great quantity of marijuana and other paraphernalia. The inference is strong that these three people controlled the three bags of marijuana that were found with them. The evidence was sufficient to allow the jury to infer knowing possession of marijuana on the part of these defendants. The convictions of Feltes, Gabriel, Jones, and the two Willemsteins for possession are affirmed. The possession convictions of the other defendants are reversed.

III.

Defendants also challenge the sufficiency of the evidence to sustain their convictions for conspiracy to possess narcotics.

■ In regard to the conspiracy convictions of the three Kennedys, Petry, and the Houstons, we note that the only evidence of conspiracy was the same evidence which was insufficient to support their guilt as to the substantive crime

of possession. Therefore, the conspiracy convictions of these individuals must also fall. *Petty v. People, supra; Fagin v. People,* 174 Colo. 540, 484 P.2d 1216; *People v. Way,* 165 Colo. 161, 437 P.2d 535; *Robles v. People,* 160 Colo. 297, 417 P.2d 232.

To convict of conspiracy, three elements must coexist beyond a reasonable doubt. There must be a real agreement, combination or federation with a common design, between two or more persons, to accomplish an unlawful purpose, which in this state must amount to a crime. *People v. Armijo,* 176 Colo. 547, 491 P.2d 1384; *LaVielle v. People,* 113 Colo. 277, 157 P.2d 621. The record here would not support a conviction for an overall conspiracy of all the individuals charged because the first of these essential elements is missing. There was no proof of a real agreement between all of the people involved to possess narcotic drugs. However, if the evidence discloses agreements between two or more people to possess narcotics, a conspiracy conviction of those persons can be sustained. It is our view that the only person Feltes could have conspired with would have been his roommate Yvonne Gabriel. Since the jury found Yvonne Gabriel not guilty of conspiracy, a conspiracy charge could not have been sustained between her and Feltes because a conspiracy requires the participation of two or more people. The conspiracy conviction of Feltes is therefore reversed.

The record does contain substantial circumstantial evidence which tends to show an agreement, combination or federation to possess narcotics between the Willemsteins and Jones. All three were sleeping in the same room and a substantial amount of drugs and paraphernalia were found in that room in several different locations. The jury was therefore warranted in determining that these persons had conspired to possess narcotic drugs and their convictions on this charge are affirmed.

The judgments of the trial court as to defendants James Kennedy, Sheryl Kennedy, Michael Kennedy, Milton Petry, Martin Houston and Patricia Houston are reversed and these defendants are ordered to be discharged. The judgments of

the trial court as to defendant Robert Feltes is reversed as to conspiracy, but affirmed as to the possession conviction. The judgment of the trial court as to defendant Yvonne Gabriel is affirmed as to the possession conviction. The judgment of the trial court as to defendants John Jones, Robert Willemstein and Gayle Willemstein are affirmed as to both charges.

This case is remanded to the trial court with directions to enter amended judgments in accordance with the views expressed herein.

MR. JUSTICE DAY, MR. JUSTICE KELLEY and MR. JUSTICE ERICKSON concur.