## No. 24521

## Joe L. Johns v. The People of the State of Colorado
(497 P.2d 1253)

Decided June 19, 1972.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, Natalie S. Ellwood, Deputy, Lee Belstock, Deputy, for plaintiff in error.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Michael T. Haley, Assistant, Jack E. Hanthorn, Assistant, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE HODGES.

Defendant Johns was found guilty by a jury of possession of narcotic drugs (heroin). On writ of error, he contends that the trial court erred in not granting his motion for judgment of acquittal on the ground that the evidence lacked the required sufficiency to support his conviction of possession. We agree. The judgment of the trial court is reversed.

Denver policemen, pursuant to a search warrant, entered and searched an apartment. They arrested the defendant, his estranged wife, Delores, and one Robert Schoengarth on the premises. Found, as the result of the search, was several pieces of a green balloon showing traces of heroin, and a red balloon containing three capsules of heroin. The green balloon particles were found on a living room table, and the

red balloon containing the capsules of heroin was found under one of the cushions of a living room couch. When the police entered the apartment, Schoengarth was sitting on the couch and the defendant and Delores Johns were sitting in chairs opposite the couch.

The evidence was uncontradicted that while defendant Johns visited his estranged wife and their children at this apartment several times a month, he was not living there and had not lived there for several months. At the time of his arrest, the defendant was residing at an address located a considerable distance from the address of his estranged wife.

No narcotics were found on the person of the defendant nor did his arms reveal any needle marks or "tracks." He testified that he had no knowledge of the presence of any narcotics at the address of his estranged wife.

Robert Schoengarth testified for the defense. He stated that he had brought the heroin onto the premises; that the defendant had no knowledge of this; and that he had stuffed the balloon containing the three capsules under the cushion of the couch when the police arrived. He also testified that he was responsible for the presence of the green balloon containing traces of heroin. This testimony was neither contradicted nor impeached.

Under these facts, it was error to submit this case to the jury. The evidence was wholly insufficient to support a verdict of guilty of possession of narcotics beyond a reasonable doubt as to the defendant. There was no proof that Johns had dominion and control over the premises where the heroin was found. See Gonzales v. People, 128 Colo. 522, 264 P.2d 508; Duran v. People, 145 Colo. 563, 360 P.2d 132. Also, there was no evidence which would support an inference that the defendant knew of the presence of heroin on the premises. Macias v. People, 174 Colo. 437, 484 P.2d 782; Moore v. People, 171 Colo. 338, 467 P.2d 50; Petty v. People, 167 Colo. 240, 447 P.2d 217. Presence in a room where narcotics are also present, without additional evidence linking the defendant to those narcotics is insufficient to support a possession conviction. Feltes v. People, 178

Colo. 409, 498 P.2d 1128.

Judgment reversed.

MR. CHIEF JUSTICE PRINGLE, MR. JUSTICE KELLEY and MR. JUSTICE ERICKSON concur.