The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Adrian DWIRE, Defendant-Appellant.

No. 78–661.

Colorado Court of Appeals, Div. II.

Nov. 20, 1980.

Rehearing Denied Dec. 11, 1980.

Certiorari Denied March 9, 1981.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sp. Asst. Atty. Gen., Susan P. Mele-Sernovitz, Asst. Atty. Gen., Denver, for plaintiff-appellee.

J. Gregory Walta, Colorado State Public Defender, Shelley Gilman, Deputy State Public Defender, Denver, for defendant-appellant.

PIERCE, Judge.

Defendant appeals his convictions of possession of a dangerous drug with intent to dispense, conspiracy to possess a dangerous drug with intent to dispense, and carrying a concealed weapon. We reverse and remand.

On the evening of November 14, 1977, Officer Mullins and Reserve Sgt. Sewick of the Manitou Springs Police Department observed an orange and white 1977 Chevrolet Nova with Kansas license plates in the 500 block of Manitou Avenue. Several days before November 14, a teletype message had been received on the Manitou Springs Police Department radio from the Leavenworth, Kansas, Police Department advising that a stolen automobile which fit the description of the automobile was believed to be in the Manitou Springs area. The police followed the Nova into a store parking lot. The two occupants were then ordered out of the automobile. During a pat-down search, the police discovered a handgun on the passenger. The defendant and the driver were then placed under arrest.

After Officer Mullins confirmed that the automobile was reported stolen, he commenced an inventory search. Upon opening the automobile trunk, Officer Mullins testified that he saw two large plastic garbage bags which were tied at the tops, and that he smelled the odor of marijuana. Officer Mullins opened the bag and found marijuana inside.

## I.

Defendant contends that the trial court erred in denying defendant's motion for acquittal on the two drug possession charges at the close of the prosecution's case. We agree.

■ Knowing possession is an essential element of the offense of possession of a dangerous drug with intent to dispense. *Ramsey v. People*, 179 Colo. 172, 498 P.2d 1148 (1972). The burden of proving that a defendant knowingly possessed marijuana falls upon the prosecution. *People v. Bennett*, 183 Colo. 125, 515 P.2d 466 (1973). Therefore, the issue to be determined on appeal is whether at the juncture of trial prior to submission of the case to the jury, the relevant evidence, when viewed as a whole and in the light most favorable to the prosecution, was substantial and sufficient to support a conclusion by a reasonable mind that the defendant was guilty of knowing possession beyond a reasonable doubt. *People v. Bennett, supra.*

■ A conviction for marijuana possession may be predicated upon circumstantial evidence, and a conviction for illegal possession may be based upon evidence that the marijuana, while not on the person of defendant, was in a place under his dominion and control. *Mickens v. People*, 148 Colo. 237, 365 P.2d 679 (1961); *Gonzales v. People*, 128 Colo. 522, 264 P.2d 508 (1953). However, where a person is not in exclusive possession of the premises it may not be inferred that he knew of the presence of marijuana and had control of it unless there are statements or other circumstances tending to buttress the inference. *Petty v. People*, 167 Colo. 240, 447 P.2d 217 (1968). Nor can joint possession be established by the fact that defendant is in the company of one having possession of the substance in the absence of an additional factor linking defendant with it. *Feltes v. People*, 178 Colo. 409, 498 P.2d 1128 (1972); *Petty v. People, supra.*

■ Here, the operative facts are as follows: (1) Defendant was a passenger in the vehicle in which the marijuana was discovered; (2) when followed by a marked police car, defendant looked over his shoulder toward the police car; (3) when stopped by the police car, defendant exited the automobile in a hurried manner and made two furtive movements with his left hand to his pants pocket; and (4) a handgun was discovered on defendant's person.

Pertinent to the instant action is *Corrao v. State*, 154 Ind.App. 525, 290 N.E.2d 484 (1972). In that case four persons were arrested for possession of marijuana found in large bags in the trunk of the automobile they were traveling in. Citing *Petty v. People, supra*, the Indiana Court of Appeals held that while knowledge of the presence of marijuana in the automobile trunk could be imputed to the driver and to the owner of the automobile, the convictions of those defendants who were passengers could not stand.

Similarly, in *People v. Mosely*, 131 Ill. App.2d 722, 265 N.E.2d 889 (1971), cited with approval in *Feltes v. People, supra*, the Illinois Court of Appeals reversed the conviction of a defendant where marijuana was found in the trunk of the automobile in which defendant was a passenger. The court held that evidence of an alleged bribe offered to the arresting officer by defendant was insufficient as a matter of law to permit the inference that the passenger-defendant exercised any degree of control over the marijuana found in the trunk of the automobile. The same paucity of evidence is apparent here.

The People assert that *People v. Bennett, supra*, modifies the rule established in *Petty v. People, supra*, and *Feltes v. People, supra*, that guilty knowledge cannot be inferred from joint possession of drugs in the absence of other circumstances and statements tending to buttress the inference. We disagree.

While *People v. Bennett, supra*, diminishes the burden of proof imposed upon the prosecution to beyond a reasonable doubt where circumstantial evidence is at issue, the *Petty* rule still controls. *See People v. Steed*, 189 Colo. 212, 540 P.2d 323 (1975). Here, there was no evidence, direct or circumstantial, linking defendant to the marijuana found in the trunk of the automobile. The evidence presented was insufficient as a matter of law to conclude that defendant exercised the requisite control over the automobile or the contents of the trunk. Accordingly, the trial court erred in denying defendant's motion to acquit.

As the evidence was insufficient to establish defendant's quilt as to possession, it follows that the conviction of defendant on the conspiracy count must also fall. *Petty v. People, supra.*

II.

Defendant was convicted of carrying a concealed weapon in violation of § 18–12–105, C.R.S.1973 (1978 Repl.Vol. 8). An affirmative defense to this charge is set forth in § 18–12–105(2)(b), C.R.S.1973 (1978 Repl. Vol. 8):

"It shall be an affirmative defense that the defendant was ... [a] person in a private automobile or other private means of conveyance who carries a weapon for lawful protection of his or another's person or property while traveling ..."

The People have stipulated that the trial court committed error in not instructing the jury on this affirmative defense and, therefore, that the conviction for carrying a concealed weapon cannot stand. Hence, on retrial, the admissibility of the weapon will be in issue, and we must therefore determine whether there was probable cause to arrest defendant in the first instance.

■ Defendant contends that the police did not have probable cause to effect a warrantless arrest. We disagree.

The police are generally required to obtain an arrest warrant when an adequate opportunity exists. *People v. Hoinville,* 191 Colo. 357, 553 P.2d 777 (1976). A warrantless arrest establishes, prima facie, the illegality of the arrest. *People v. Valdez,* 173 Colo. 410, 480 P.2d 574 (1971). At a suppression hearing the prosecution has the burden of going forward with evidence tending to show justification for the warrantless arrest. *People v. Valdez, supra.* In order to show that exigent circumstances existed which would justify a warrantless arrest, the arresting officer at the time of the arrest must have had probable cause to believe that an offense had been committed and that defendant had committed it. *People v. Saars,* 196 Colo. 294, 584 P.2d 622 (1978). Therefore, in this case, it must be shown that probable cause existed at the time Officer Mullins arrested defendant to believe that a theft had been committed and that defendant had committed it.

■ The People rely upon the "fellow-officer" rule to justify the warrantless arrest. The elements of the fellow-officer rule were set forth in *People v. Nanes,* 174 Colo. 294, 483 P.2d 958 (1971):

"It is not necessary for the arresting officer to know of the reliability of the informer or to be himself, in possession of information sufficient to constitute probable cause, provided he acts upon the direction or as a result of communication with a brother officer or that of another police department and provided the police as a whole are in possession of information sufficient to constitute probable cause to make the arrest."

The record indicates that the information relied upon by the Leavenworth Police Department was gleaned from an interview with an informant. The evidence offered by the prosecution at the suppression hearing was a teletype of the police report from Leavenworth, Kansas, stating that an automobile fitting the description of the Chevrolet Nova defendant was arrested in had been reported stolen. The report revealed that the informant was an employee of the victim/automobile leasing agency.

In *People v. Hubbard,* 184 Colo. 225, 519 P.2d 951 (1974), the court held that the ultimate focus of an inquiry into the validity of an arrest based upon an informant's disclosure must center on the reliability of the information provided by the informant. In *People v. Glaubman,* 175 Colo. 41, 485 P.2d 711 (1971), the court held that a citizen informer who is named and identified is inherently reliable. *See Zamora v. Motor Vehicle Division,* Colo.App., 616 P.2d 1003 (1980).

Defendant contends that the police report identifying the informant is inadmissible hearsay and was only admitted by the court to show that it was received by the Leavenworth Police Department. We find this argument to be without merit. The police

report was submitted to show that the police as a whole had probable cause to arrest, not to show the truth of the contents of the report. Moreover, in *People v. Nanes, supra*, it was held that the reasonably trustworthy information relied on may be based upon hearsay and need not be evidence sufficiently competent for admission at the guilt-finding process.

We hold that the police had probable cause to arrest defendant based upon the fellow-officer rule. Therefore, the subsequent pat-down resulting in the discovery of a concealed weapon on defendant's person was a lawful search incident to arrest. *People v. Cunningham*, 194 Colo. 198, 570 P.2d 1086 (1977).

We have examined the other allegations of error and find them to be without merit.

The judgment is reversed and the cause remanded to the trial court with directions to enter judgments of acquittal on counts one and two, and to proceed with count three in accordance with the views expressed herein.

SMITH and STERNBERG, JJ., concur.