2012 COA 166

**The PEOPLE of the State of Colorado,
Plaintiff–Appellee,**

**v.**

**Alexander G. POE, Defendant–Appellant.**

**No. 10CA2541.**

Colorado Court of Appeals,
Div. I.

Oct. 11, 2012.

§ 24–51–1105, C.R.S.2012.

John W. Suthers, Attorney General, Erin K. Grundy, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Douglas K. Wilson, Colorado State Public Defender, Lynn Noesner, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge LOEB.

¶ 1 While defendant, Alexander G. Poe, was out with a female friend, his parole officer and two other parole officers searched his apartment. They found drugs and drug paraphernalia. He returned during the search and was arrested.

¶ 2 Defendant was charged with possession of a schedule II controlled substance—methamphetamine, possession of marijuana, and possession of drug paraphernalia. His defense relied on statements and testimony by the friend, in which she claimed to have been a houseguest, and to have brought the drugs and drug paraphernalia to defendant's apartment without his knowledge. A jury convicted him as charged. Defendant now appeals, arguing improper jury instructions and insufficiency of the evidence. We affirm.

## I. Jury Instructions

¶ 3 Defendant contends the trial court erred when it gave the jury an instruction with suggestions on how deliberations should be conducted. We disagree.

### A. Preservation and Standard of Review

¶ 4 Initially, we do not agree with the People's argument that defendant failed to preserve the alleged error with an adequate

objection. During discussion of the jury instructions, defendant's counsel stated:

> And then, Your Honor, like I said, fairly simple. The only other thing I have, the final instruction—which, again, I'm going to object to. It's not pattern. I know the Court gives that anyway—there are a number of typos in that instruction. I just thought we might as well resolve it....

We conclude that counsel's statement, "It's not pattern," was sufficient to alert the court and prosecution to the basis for his objection.

¶ 5 Additionally, we need not address defendant's assertion that the alleged error is structural error, because we conclude that there was no error, structural or otherwise.

■ ¶ 6 Whether to give an instruction concerning the jury's deliberations is within the sound discretion of the trial court, whose decision is subject to review under an abuse of discretion standard. *People v. Schwartz*, 678 P.2d 1000, 1012 (Colo.1984) (considering a modified-*Allen* instruction); *People v. Watson*, 53 P.3d 707, 713–14 (Colo.App.2001) (same).

### B. Analysis

■ ¶ 7 The trial court gave Instruction 19, which the court referred to as its "closing instruction." That instruction, which is approximately two and a half pages in length, provided the jury with "a few pointers regarding the process of deliberation," and notes, "These are only suggestions, and you are free to proceed in whatever manner you wish."[1] The instruction offered suggestions that the court thought helpful to facilitate a productive and openminded deliberation, for example, "Consider not taking a 'straw' vote at the beginning of deliberations"; "Be open to persuasion"; and "Be patient with one another."

¶ 8 There is no dispute that the trial court correctly instructed the jury on the substantive law of the charges against defendant. Rather, defendant argues that the court's closing instruction improperly invaded the province of the jury and the sanctity of the deliberation process by instructing the jury on how to conduct deliberations.

¶ 9 Contrary to defendant's claim that the closing instruction was a directive by the court, it merely suggested how to conduct deliberations. As stated at the top of the instruction, "These are only suggestions." The court did not express an intent to impose its will or bind the jury in any way. Rather, the suggestions were given to facilitate the very same open and honest deliberation of which defendant now claims he was deprived.

¶ 10 We discern nothing in the court's closing instruction that is inconsistent with the Colorado Model Jury Instructions. To the contrary, the closing instruction merely expanded on the model instructions, which instruct jurors to keep an open mind and reach a considered decision during final deliberations. *See* CJI–Crim. 1:04, 38:04 (1983); *see also*, COLJI–Crim. C–10, E–20 (2008). In other contexts, Colorado courts have indicated that a trial court may instruct the jury with regard to the deliberative process. *See, e.g., People v. Raglin*, 21 P.3d 419, 423 (Colo. App.2000) (considering the modified-*Allen* instruction).

¶ 11 Thus, we conclude that the trial court did not err in giving Instruction 19.

### II. Sufficiency of the Evidence

¶ 12 Defendant contends the evidence presented to the jury was insufficient to convict him of the possession charges. Specifically, he argues that the prosecution failed to prove beyond a reasonable doubt that he had "knowing possession" of the drugs and drug paraphernalia. We disagree.

### A. Standard of Review

■ ¶ 13 We review de novo whether there is sufficient evidence to support a jury verdict. *See Dempsey v. People*, 117 P.3d 800, 807 (Colo.2005).

■ ¶ 14 In our review, we view the evidence, both direct and circumstantial, in the light most favorable to the prosecution to determine if it is substantial and sufficient to support the defendant's conviction beyond a reasonable doubt. *See id.; see also Clark v.*

---

1. A complete copy of Instruction 19 is attached as an Appendix to this opinion.

*People*, 232 P.3d 1287, 1291 (Colo.2010). In so doing, we give the prosecution the benefit of every reasonable inference that might fairly be drawn from the evidence. *See People v. Sprouse*, 983 P.2d 771, 778 (Colo.1999); *People v. McIntier*, 134 P.3d 467, 471 (Colo. App.2005). It is the fact finder's role to weigh the credibility of witnesses, to determine the weight to give all parts of the evidence, and to resolve conflicts, inconsistencies, and disputes in the evidence. *See People v. Crawford*, 230 P.3d 1232, 1237 (Colo.App.2009); *People v. Graybeal*, 155 P.3d 614, 619–20 (Colo.App.2007). We may not "substitute [our] judgment for that of the jury and reweigh the evidence or the credibility of witnesses." *People v. Sharp*, 104 P.3d 252, 256 (Colo.App.2004); *see also McIntier*, 134 P.3d at 471–72 ("An appellate court is not permitted to act as a thirteenth juror and set aside a verdict because it might have drawn a different conclusion had it been the trier of fact.").

### B. Analysis

¶ 15 The People have the burden of proving that defendant had "immediate and knowing control over" the drugs and paraphernalia. *Patton v. People*, 35 P.3d 124, 131 (Colo.2001); *see also People v. Villapando*, 984 P.2d 51, 54 (Colo.1999) (a defendant possesses a controlled substance when he or she knows of its presence, the substance is immediately accessible, and the defendant exercises dominion and control over it). To support a conviction for possession of a controlled substance, the prosecution must show that the defendant knew he or she was in possession of the controlled substance and that he or she knowingly intended to possess the substance. *People v. Stark*, 691 P.2d 334, 339 (Colo.1984). A finding of possession may be based on the jury's reasonable inferences from the evidence, including circumstantial evidence. *Id.; Feltes v. People*, 178 Colo. 409, 414, 498 P.2d 1128, 1131 (1972).

¶ 16 The knowledge element of possession may also be established circumstantially: if the defendant has dominion and control of the premises in which drugs are found, the jury may infer knowledge from the fact of possession. *Stark*, 691 P.2d at 339

(sufficient evidence presented to uphold cocaine conviction where witness testified that the defendant used cocaine crusher numerous times even though ten to fifteen other people also used it). However, the "[m]ere presence without another additional link in the evidence will not sustain a conviction for possession." *Feltes*, 178 Colo. at 417, 498 P.2d at 1132.

¶ 17 The parole officers' trial testimony revealed that during the search (1) the methamphetamine was found in a laptop in the bedroom; (2) the marijuana was found under the mattress in the bedroom; (3) the scale was found hanging on the wall from a pin in the bedroom; (4) the pipe was found on top of the toilet tank in the bathroom; and (5) there was no evidence of another occupant in the apartment, specifically no evidence of a female houseguest. Additionally, defendant's parole officer testified that the apartment searched belonged to defendant, that defendant's parole conditions required him to request permission to have an overnight guest, and that he had not made such a request.

¶ 18 Here, the evidence, including the location of the drugs and paraphernalia in a one-bedroom apartment rented by defendant, the location of the items within certain areas of the apartment—bedroom and bathroom, the fact that several of the items were in plain sight, and testimony that there was no evidence of a houseguest, especially a female guest, which contradicted the friend's claimed ownership, was sufficient for the jury to determine that defendant had "knowing possession." Thus, the evidence sufficiently supports the jury's conclusion that the items found were under defendant's dominion and control. *See Feltes*, 178 Colo. at 417, 498 P.2d at 1132–33; *see also Petty v. People*, 167 Colo. 240, 245–46, 447 P.2d 217, 220 (1968); *People v. Warner*, 251 P.3d 556, 564–65 (Colo.App.2010); *People v. Dwire*, 624 P.2d 909, 911 (Colo.App.1980).

¶ 19 Furthermore, defendant's claim that his friend's taking responsibility for the items precluded the jury from finding him guilty is incorrect. The credibility of witnesses is within the province of the jury. *Clark*, 232 P.3d at 1293. Considering the

discussion of the friend's letter to the court claiming ownership of the items and her testimony regarding her motive for accepting responsibility when she did; the fact that other than her name, she did not give any identifying information on the letter; the fact that she did not know the names of the individuals who had given her the drugs or laptop; and the fact that she was present when defendant was arrested, but did not claim that she owned the items or that she was a houseguest at that time, we may not overrule the jury's apparent determination of her credibility.

¶ 20 Thus, when the evidence is viewed in the light most favorable to the prosecution, we conclude that substantial and sufficient evidence supported defendant's conviction of the possession charges.

¶ 21 The judgment is affirmed.

Judge TAUBMAN and Judge WEBB concur.

## INSTRUCTION NO. 19

Thank you for your close attention throughout the trial. In a few moments you will be ushered into the jury room to begin your deliberations. Because most of you have not served as jurors before, I would like to give you a few pointers regarding the process of deliberation. These are only suggestions, and you are free to proceed in whatever manner you wish.

First, in choosing your foreperson, consider someone you think would be even-handed, a good listener, and someone who is willing and able to help the discussion remain organized and respectful. Whomever you choose, however, remember that his or her opinions have no greater value than that of any other juror.

Reach some agreement about how you will conduct yourselves. These agreements should include the following:

- Give everyone the opportunity to speak initially, perhaps by going around the table. After this initial discussion, make sure that the less assertive members are given the opportunity to speak.
- Allow each juror to speak without interruption, except by the foreperson in the interests of moving the discussion forward if the juror is speaking too often or for too long.
- Listen carefully to the statements of the other jurors before formulating a response.
- Ensure that everyone is treated with respect.
- Do not rush to a conclusion because of the desire of some jurors to move to a quick decision.
- Stay focused on the decision-making process by considering the evidence in an orderly fashion in conjunction with the Court's instructions. Examples of a system for consideration of evidence are by claim or charge, by witness, or in chronological order.
- Consider the use of secret ballots if some jurors would be more comfortable with this procedure.

The foreperson should enforce or encourage compliance with these agreements. If he or she is unable to do so or engages in inappropriate conduct him or herself, the jury has the right to select a new foreperson.

Consider not taking a "stray" vote at the beginning of deliberations in order to determine whether you agree or how divided the group may be. I recommend against this procedure because it may cause some jurors to lock themselves into a position which they will then feel reluctant to change. Experience has also shown that such early votes frequently lead to unnecessarily lengthy and ineffective decision-making.

Be open to persuasion. You each have the right to your individual opinions, but it helps if you are open to the possibility that you might change your mind about some issues after listening to other views.

Misunderstanding can undermine your efforts. Seek clarification if you do not understand, or if you think others are not talking about the same thing. You might want one of your members to take notes of agreements

18

and disagreements, and, from time to time, set those out for all to review.

Recognize and accept that in spite of all your efforts, getting stuck is often a part of the decision-making process. If you reach a particularly controversial or difficult point in the discussion, move to another area and return later to the more difficult issue. Taking a break can also be helpful in leading to a satisfactory conclusion. My staff is available whenever you need to stretch or to clear your minds.

Be patient with one another. It is easy to fall into the trap of believing that there is something wrong with someone who is not ready to move toward what appears to be an emerging decision. This can lead to a conflict of personalities rather than a conflict of issues. Be hard on the issue, be easy on the person.

Finally, conduct your deliberations in such a way that after you have completed them, you will be able to honestly express appreciation to each other for your commitment to and respect for the process.