**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Lee Edward ARNOLD, Defendant–Appellant.**

No. 90CA0215.

Colorado Court of Appeals, Div. II.

Aug. 29, 1991.

Rehearing Denied Oct. 10, 1991.

Certiorari Denied March 10, 1992.

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1988 Repl.Vol.10B).

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Roger G. Billotte, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Stayton & Associates, W. Melville Dole, Denver, for defendant-appellant.

Opinion by Judge SMITH.

Defendant, Lee Edward Arnold, appeals from a judgment of conviction entered upon a jury verdict finding him guilty of unlawful distribution, manufacturing, dispensing, sale, and possession of a controlled substance. We affirm.

I.

Defendant asserts his right to confrontation was violated by the admission into evidence of tape recorded conversations between himself and the confidential informants who did not testify at trial. We disagree.

Initially, we note that the officer who recorded the conversations testified at trial. That portion of the taped conversations which consisted of the words uttered by the defendant are indisputedly not hearsay and are admissible under CRE 801(d)(2)(A) as statements of the defendant himself. The utterances of others contained on the tape, likewise, are not hearsay because they were offered for the sole and limited purpose of putting the responses of the defendant in context and making them understandable to the jury, and not for the truth of their content. CRE 801(c); *United States v. Lemonakis*, 485 F.2d 941 (D.C.Cir.1973), *cert. denied*, 415 U.S. 989, 94 S.Ct. 1586, 39 L.Ed.2d 885 (1974); *see People v. Huckleberry*, 768 P.2d 1235 (Colo.1989).

The trial court adequately instructed the jury as to the limited purposes for which the non-party utterances on the tape might be considered.

The constitutional right of confrontation and the hearsay rule stem from the same roots and are designed to protect similar interests based on the premise that testimony is much more reliable when given under oath at trial so that the declarant is subject to cross-examination and the jury may observe his demeanor. *People v. Dement*, 661 P.2d 675 (Colo.1983). Thus, there is no right of confrontation, nor any hearsay preclusion, when, as here, the conversational utterances are not offered for their truth, but rather to provide the context in which the defendant's statements were made.

Their reliability or truth is not at issue. The only pertinent fact is that they were made. *See United States v. Price*, 792 F.2d 994 (11th Cir.1986); *United States v. Gutierrez–Chavez*, 842 F.2d 77 (5th Cir. 1988).

Thus, we perceive no error in the court's admission of the taped conversation in its entirety.

II.

Defendant maintains the evidence was insufficient to support his conviction.

If the sufficiency of the evidence is challenged on appeal, our task is to deter-

mine whether the evidence, viewed as a whole, and in the light most favorable to the prosecution, is sufficient to support a conclusion by a reasonable person that the defendant is guilty of the crimes charged beyond a reasonable doubt. *Kogan v. People,* 756 P.2d 945 (Colo.1988).

■ Here, even though there was no eyewitness testimony regarding the exchange of money for cocaine, the record establishes that the informant was searched prior to meeting the defendant in a restroom and at that time he had no drugs in his possession. After the meeting with the defendant, the informant possessed a quantity of cocaine and no longer had the money he had prior to the meeting. Giving the prosecution the benefit of every reasonable inference which might be fairly drawn from the evidence, we conclude the evidence was sufficient to support the defendant's conviction. *See Kogan v. People, supra.*

Judgment affirmed.

CRISWELL and REED, JJ., concur.