The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Harry A. MARTINEZ, Defendant–
Appellant.

No. 98CA0879.

Colorado Court of Appeals,
Div. II.

May 27, 1999.

Certiorari Denied May 22, 2000.

Ken Salazar, Attorney General, Barbara McDonnell, Chief Deputy Attorney General, Michael E. McLachlan, Solicitor General, A. William Bonner, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

The Law Firm of Douglas S. Joffe, Douglas S. Joffe, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge JONES.

Defendant, Harry Anthony Martinez, appeals the judgment entered upon jury verdicts finding him guilty of first degree assault, second degree assault, and conspiracy. Defendant also appeals the consecutive sentences imposed by the trial court. We affirm but remand for amendment of the mittimus.

Defendant and a co-defendant were tried jointly on charges of one count of first degree assault, one count of second degree assault, and one count of conspiracy to commit first degree assault, with mandatory sentencing for crimes of violence. As pertinent here, defendant was convicted of all charges and sentenced to an aggregate term of 22 years in the Department of Corrections. This appeal followed.

The charges arose from an ongoing dispute over defendant's failure to pay the victim for a quantity of marijuana. The evidence at trial consisted primarily of the conflicting testimony of the two co-defendants and the victim, all of whom participated in a final violent altercation.

The record reveals the facts to be as follows. In the course of trying to collect the debt owed to him, the victim went to the house where defendant and the co-defendant lived. An argument ensued, during which the victim struck the co-defendant with a pair of nun-chucks. Several days later, defendant came to the victim's house armed with an aluminum baseball bat. The victim fled because he "didn't want to get hit with a bat."

According to the victim, on the night of the final fight, he and co-defendant exchanged angry words at a bar, at which time the victim was ejected from the bar and went home to bed. Later, defendant and the co-defendant drove to his house, exited their vehicle, and called for him to come outside. He did so, and, seeing that defendant carried an aluminum baseball bat and the co-defendant carried a mace, armed himself with a belt made of a length of motorcycle chain. While he stood on the porch, the co-defendant threw a knife at him, inflicting a stab wound in his leg. Defendant then retrieved the knife and threw it at the victim, but did not strike him. Thereafter, the three men exchanged blows with their various weapons, in the course of which the victim was struck with the baseball bat and with the mace.

Defendant and the co-defendant took issue with the victim's account of the incident. They testified that, previously, the victim had physically attacked the co-defendant without provocation and, at the bar on the night of the confrontation, had threatened him, which justified their concern that the victim was violent. Thus, they testified, while they had no intent to harm the victim, they felt a need to arm themselves for self-protection before driving to his house to settle their dispute.

Defendant and co-defendant admitted possessing the respective weapons testified to by the victim. They stated, however, that, as defendant approached the victim's house alone while the co-defendant waited in defendant's vehicle, the victim commenced the attack against defendant by hitting him with nun-chucks and swinging the chain belt, and that the co-defendant then joined the fray in defense of defendant, throwing his knife at the victim. Defendant said the victim then began attacking him with the knife. Both stated that they only struck the victim to defend themselves, and that they were injured by the victim to the extent that they were bleeding profusely when they departed the scene.

Also of significance is the testimony of investigating officers, that there was no evidence of blood in defendant's vehicle. The record also reveals the testimony of the victim's treating physician, to the effect that the victim had suffered serious bodily injuries, as well as less severe injuries, including a stab wound and abrasions possibly inflicted by a mace.

I.

Defendant contends that the evidence was insufficient to support his conviction of first degree assault. More specifically, defendant argues that the victim was the initial aggres-

sor and that the evidence was insufficient to rebut his affirmative defense of self defense. We are not persuaded.

A challenge to the sufficiency of the evidence requires a reviewing court to determine whether the evidence, both direct and circumstantial, viewed as a whole and in the light most favorable to the prosecution, is substantial and sufficient to support a conclusion by a reasonable person that the defendant is guilty of the crime charged beyond a reasonable doubt. *People v. Bennett,* 183 Colo. 125, 515 P.2d 466 (1973); *People v. Perryman,* 859 P.2d 263 (Colo.App.1993). Further, it is for the jury, as fact finder, to decide questions of witness credibility and the weight to be given the evidence. *Kogan v. People,* 756 P.2d 945 (Colo.1988).

The jury was instructed that defendant could not rely on the defense of self defense if:

1. with intent to cause bodily injury to another person, the defendant provokes the use of unlawful physical force by that other person, or

2. the defendant is the initial aggressor. In order to rely on self defense, if the defendant is the original aggressor, the defendant must withdraw from the encounter and effectively communicate to the other person his intent to withdraw from the encounter and, although having done so, the other person nevertheless continues or threatens the use of unlawful physical force, or

3. the physical force involved is the product of a combat by agreement not specifically authorized by law.

However, if the defendant is not the initial aggressor, and is in a place he has a right to be, he is not required to retreat to a position of no escape in order to claim the right to use force in his own defense.

The jury was also instructed as to the victim's right to use physical force to prevent what he reasonably believed to be an unlawful trespass upon his property. The instructions have not been challenged upon appeal.

Even assuming, *arguendo,* that defendant was not the initial aggressor early in the dispute, we conclude that the evidence, both direct and circumstantial, amply supports the jury's conclusions, based on the instructions, that the prosecution had sustained its burden of overcoming defendant's claim of self defense.

Specifically, the evidence was uncontradicted that the final confrontation was instigated by defendant and the co-defendant, that each armed himself in preparation for the confrontation, that they drove to the victim's house late at night when they knew he was drunk, that they approached him on his property and seriously injured him with their weapons, that they did not cease the physical assault until he had collapsed, and that they did not summon medical help.

Further, to the extent that the jury apparently resolved conflicting evidence in favor of the victim, such resolution is within the province of the fact-finder and, here, supports the verdict. *See Kogan v. People, supra.*

## II.

Defendant also contends that the trial court erred in imposing consecutive sentences for his convictions of first and second degree assault. More specifically, defendant argues that, because second degree assault is a lesser included offense of first degree assault, the two convictions merged, and thus, there was no basis for a second sentence. We disagree.

A defendant can be convicted of multiple offenses arising out of a single transaction. *See* § 18–1–408, C.R.S.1998. However, a defendant cannot be convicted of an offense which is a lesser included offense of another crime of which he is convicted.

If a defendant is convicted of both a greater offense and a lesser included offense, the convictions merge. *People v. Rodriguez,* 914 P.2d 230 (Colo.1996). Merger in Colorado requires a comparison of the elements of the applicable statutes, not the evidence presented on those elements. *People v. Henderson,* 810 P.2d 1058 (Colo.1991).

Here, the jury was instructed as to the elements of count one, first degree assault, and, in the following instruction, as to

the elements of second degree assault as a lesser included offense of first degree assault. These instructions included the designation of the bat as the deadly weapon and further directed that defendant could be found guilty of only one of the two offenses to which these instructions referred. The signed verdict indicates that the jury heeded that instruction, rejecting the lesser included offense.

The jury was separately instructed as to count two, second degree assault, reiterating the elements earlier cited in the previous second degree assault instruction, differing only in that the specified weapon was a knife.

The jury was further instructed that both defendant and the co-defendant could be convicted as complicitors in a crime committed by another person, if the prosecution proved the specific elements set forth in that instruction.

Defendant concedes that he was convicted of first degree assault as a principal and of second degree assault as a complicitor to the co-defendant's crime. Because the elements required to be proven to convict defendant as a complicitor to the assault committed by another are not identical to those required to be proven to convict him of committing first degree assault as a principal, the convictions do not merge.

Further, because the convictions do not merge and the evidence supporting the respective convictions was not identical, the trial court was required to impose consecutive sentences for defendant's convictions of first and second degree assault. *See* § 16–11–309(1)(a), C.R.S.1998 (one convicted of two or more separate crimes of violence arising out of the same incident shall be sentenced consecutively rather than concurrently); *Qureshi v. District Court,* 727 P.2d 45 (Colo.1986); *People v. Page,* 907 P.2d 624 (Colo.App.1995) (crimes of violence are "separate" within the meaning of § 16–11–309(1)(a), when the evidence supporting the convictions is not identical).

The judgment and the sentences are affirmed, and the cause is remanded with directions that the mittimus be amended to reflect the consecutive nature of the sentences.

Judge PLANK and Judge VOGT concur.