The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Debbie L. CRESPI, Defendant–Appellant.

No. 04CA1597.

Colorado Court of Appeals,
Div. I.

Dec. 14, 2006.

As Modified on Denial of Rehearing
Feb. 22, 2007.

Certiorari Denied April 9, 2007.

John W. Suthers, Attorney General, Matthew S. Holman, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Martinez Law, LLC, Esteban A. Martinez, Northglenn, Colorado, for Defendant–Appellant.

Opinion by Judge BERNARD.

Defendant, Debbie Crespi, appeals the judgment of conviction entered upon jury verdicts finding her guilty of manufacture of a controlled substance, § 18–18–405(1), (2)(a)(I), (3)(a)(I), C.R.S.2006; possession of a controlled substance, § 18–18–405(1), (2)(a)(I); and possession of manufacturing chemicals or supplies, § 18–18–405(1), (2)(a)(I). We affirm.

## I. Background

The following facts are undisputed. On January 29, 2003, an anonymous informant contacted police about the alleged operation of a methamphetamine lab at a motorcycle repair shop owned by defendant's ex-boyfriend, Ken Moore. Following extensive surveillance, police obtained a warrant to search the shop. Defendant was present at the shop when police executed the warrant on April 11, 2003.

Police found numerous items consistent with the operation of a methamphetamine lab, including empty cold medicine packages and blister packets, fuel, acetone, empty bottles of HEET (antifreeze), coffee filters, lye, iodine crystals, bottles containing solvents and matchbook striker pads, a heating element, and a coffee grinder containing ground ephedrine. Police also found a three-page letter written to "Ken" from "Debbie," indicating, among other things, a romantic relationship between them.

An officer conducted a pat-down search of defendant and found in her waistband a small tin box containing sixteen Ziploc baggies of methamphetamine. A search of defendant's purse revealed a to-do list including "seven cases of matches" and two receipts: the first, dated April 8, 2003, listed the purchase of four bottles of HEET; the second, dated April 10, 2003, listed the purchase of seven cases of matchbooks. The words "Thank you, Debbie Crespi" were printed on the April 10 receipt.

Defendant was taken to the police station, where she was interviewed by a detective. Defendant told the detective she thought Ken Moore was making methamphetamine, but that she did not participate. She also said Moore gave her lists of things to purchase, and she would pick up those items.

Following a jury trial, defendant was convicted of the aforementioned counts.

## II. Double Jeopardy

Defendant contends her convictions for possession of a controlled substance and possession of manufacturing chemicals or supplies violate double jeopardy. We disagree.

Under the Double Jeopardy Clauses of the United States and Colorado Constitutions, an accused may not be punished twice for the same offense. U.S. Const. amend. V; Colo. Const. art. II, § 18. This protection includes a guarantee the accused will not be subject to multiple punishments in the same criminal prosecution for statutory offenses proscribing the same conduct. *Patton v. People*, 35 P.3d 124 (Colo.2001).

Defendant was charged with possession of a controlled substance and possession of

manufacturing chemicals or supplies, both pursuant to § 18–18–405(1)(a). That section provides, in relevant part: "[I]t is unlawful for any person knowingly to manufacture, dispense, sell, distribute, possess, or to possess with intent to manufacture, dispense, sell, or distribute a controlled substance . . . or possess one or more chemicals or supplies or equipment with intent to manufacture a controlled substance."

■ In *People v. Abiodun*, 111 P.3d 462 (Colo.2005), the supreme court held § 18–18–405 defines a single offense and therefore, a defendant may not be convicted twice under that section unless he or she commits a successive offense. In such a situation, "[a]s long as each legally distinct offense has been charged with sufficient specificity to distinguish it from other offenses, and the evidence at trial is sufficient to support convictions of each charge, general verdicts of guilt will be adequate to support multiple convictions." *People v. Abiodun, supra*, 111 P.3d at 471 (citations omitted). "Factors like proximity in space and time, intervening events, and volitional departures remain significant in assessing when transactions or occasions are sufficiently distinct. . . ." *People v. Abiodun, supra*, 111 P.3d at 471.

In *People v. Flowers*, 128 P.3d 285 (Colo. App.2005), the defendant argued his convictions of both possession and distribution of a controlled substance violated double jeopardy. Applying *People v. Abiodun, supra*, a division of this court held the defendant's convictions were based upon factually distinct conduct and thus, there was no double jeopardy violation. The division reasoned that although the information did not allege the factual basis for each charge, both the prosecution and the defense argued the possession charge based on the cocaine found in the defendant's car, and argued the distribution charge based on the cocaine his friend sold to a police informant.

In this case, the information did not allege the factual basis for the possession of a controlled substance and possession of manufacturing chemicals or supplies charges. However, both the prosecution and the defense argued the possession of a controlled substance charge was based on the quantity of methamphetamine found in defendant's waistband on April 11, 2003. Both argued the possession of manufacturing chemicals or supplies charge was based on the todo list including "seven cases of matches" and the two receipts found in defendant's purse: one dated April 8, 2003, listing her purchase of four bottles of HEET; the other dated April 10, 2003, listing her purchase of seven cases of matches.

Thus, we conclude defendant's convictions of possession of a controlled substance and possession of manufacturing chemicals or supplies were based on factually distinct conduct. Hence, we conclude her convictions do not violate double jeopardy.

### III. Admission of the Letter

Defendant raises several arguments regarding the admission into evidence of the letter allegedly written by her that was found in the search of Ken Moore's motorcycle repair shop. We reject them in turn.

#### A. Authentication

■ Defendant contends the trial court erred in admitting the letter without making a threshold finding of authentication. We disagree.

The requirement of authentication as a condition precedent to admissibility is satisfied if there is evidence sufficient to support a finding the item is what its proponent claims. CRE 901(a); *People v. Lesslie*, 939 P.2d 443 (Colo.App.1996). CRE 901(a) is identical to Fed.R.Evid. 901(a).

■ This requirement may be satisfied by the item's appearance, contents, substance, internal patterns, or other distinctive characteristics, taken in conjunction with the circumstances. CRE 901(b)(4); *People v. Gilmore*, 97 P.3d 123 (Colo.App.2003). The absence of handwriting analysis is not a bar to a document's admission. *United States v. Scurlock*, 52 F.3d 531, 538 (5th Cir.1995).

■ Whether a proper foundation has been established is a matter within the sound discretion of the trial court, whose decision will not be disturbed absent an abuse of

discretion. *People v. Huehn,* 53 P.3d 733 (Colo.App.2002).

The authenticity of the letter was addressed in defendant's motion in limine to exclude it. The prosecution presented evidence the letter was found at Ken Moore's place of business, it was written to "Ken" from "Debbie," and it contained numerous details consistent with defendant's situation, including the end of her relationship with Moore, her plans to leave town, and her possession of a Buick. The trial court ruled: "As far as the letter is concerned, I think it [lack of authentication] goes to the weight of the information. You can certainly argue that she never wrote it, they haven't proved any authentication to it whatsoever and move on from there, if you want to."

Defendant argues the trial court improperly left the jury to decide whether the letter was authentic. We do not agree.

Here, the trial court found there was evidence sufficient to support a finding of authenticity. It ruled the evidentiary weight of the letter was for the jury to decide, but permitted defendant to argue she did not write it and the jury should disregard it because there was insufficient proof of its authenticity. The court also rejected defendant's other objections to the letter, finding there was sufficient evidence to support a finding she wrote it.

Although this is an issue of first impression in Colorado, other jurisdictions have held the requirement of showing authenticity is a question of relevancy, dependent upon fulfillment of a condition of fact, governed by the procedure set forth in Fed.R.Evid. 104(b). *United States v. Jones,* 107 F.3d 1147 (6th Cir.1997); *United States v. Reilly,* 33 F.3d 1396 (3d Cir.1994); *United States v. Carriger,* 592 F.2d 312 (6th Cir.1979); *Johnson v. Commonwealth,* 134 S.W.3d 563 (Ky. 2004); *see* Fed.R.Evid. 901 advisory committee note.

CRE 104(b), which is identical to its federal counterpart, states: "When the relevancy of evidence depends upon the fulfillment of a condition of fact, the court shall admit it upon, or subject to, the introduction of evidence sufficient to support a finding of the fulfillment of the condition."

Thus, under CRE 104(b), the "condition of fact" to be established for the purposes of authenticating a document pursuant to CRE 901(a) is whether the document is what the proponent claims it is. *United States v. Reilly, supra; Johnson v. Commonwealth, supra.*

In determining the admissibility of conditionally relevant evidence, the trial court does not evaluate and weigh the credibility of the proffered evidence, but examines it to determine whether the jury could reasonably find, by a preponderance of the evidence, the conditional fact has been established. *Burlington N. R.R. v. Hood,* 802 P.2d 458 (Colo.1990); *see People v. Taylor,* 804 P.2d 196 (Colo.App.1990) (relevance of telephone calls conditioned on whether defendant placed them; proper course under CRE 104(b) was for trial court to admit telephone records if there was evidence sufficient to support a finding defendant placed the calls).

Accordingly, a trial court should allow physical evidence to be presented to the jury if a reasonable jury could decide the evidence is what its proponent claims it to be. Any question as to the authenticity of the evidence is properly decided by the jury. *United States v. Casto,* 889 F.2d 562 (5th Cir.1989); *see also United States v. Am. Radiator & Standard Sanitary Corp.,* 433 F.2d 174 (3d Cir.1970) (it is only necessary that a prima facie case of the alleged author's identity be established for a writing to be admissible; the determination of its authorship is for the jury).

Hence, we conclude the letter was properly admitted.

### B. Relevance

Defendant contends the trial court erred in admitting the letter because it was irrelevant. We disagree.

An appellate court may not reverse a trial court's decision to admit evidence absent a showing the trial court abused its discretion. *People v. Welsh,* 80 P.3d 296 (Colo.2003).

■ Relevant evidence is evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. CRE 401; *People v. Summitt*, 132 P.3d 320 (Colo.2006). To establish the relevance and materiality of real evidence, it need only be connected in some manner with the perpetrator, the victim, or the crime. *Washington v. People*, 158 Colo. 115, 405 P.2d 735 (1965).

The letter connected defendant to the crime scene, to the crime, and to Ken Moore, who admitted to police he manufactured methamphetamine at his shop. The letter read, in part:

> When I get back from this trip I will be actively seeking employment. My fun and games with making the shit just ended abruptly and I can consider myself "done with it." I discovered that, and I suspected it when I heard she got busted right before Christmas! Now it's fact. Abby rolled on me; me and 4 other people, one being your friend, [B.M.]; that's all I needed to know, so I'm done. So whatever you do, don't say one word about anything to do with that on the phone again. We can't take the chance.

A police officer testified "the shit" was a common slang term used in reference to drugs such as methamphetamine. Clearly, the jury could infer the letter spoke of a friend who reported defendant's drugmaking activity to police, defendant's decision no longer to participate, and her fear of getting caught. Thus, the letter refuted defendant's theory of defense that she was merely the victim of a bad relationship with Ken Moore, and suggested she was involved in the manufacture of methamphetamine.

Although the letter did not specify an exact time or place and did not make explicit reference to controlled substances, the absence of these details bears upon the weight of the letter, not its admissibility. *See People v. Cauley*, 32 P.3d 602 (Colo.App.2001) (once authenticity is established, defects in physical evidence go to the weight, not the admissibility, of the evidence); *People v. Trefethen*, 751 P.2d 657 (Colo.App.1987)(time span between sighting of gun and robbery affected the weight, not the admissibility, of the evidence).

Accordingly, we conclude the trial court did not abuse its discretion in ruling the letter was relevant.

## C. Hearsay

■ Defendant next contends the trial court erred in admitting the letter because it was hearsay. However, defendant's contention hinges on her claim the letter was not properly authenticated. She argues that, because the trial court did not authenticate the letter, it could have been written by anyone and therefore, constitutes hearsay. This argument necessarily fails because we have concluded the letter was properly authenticated.

An out-of-court statement by a criminal defendant, when offered by the prosecution, is an admission by a party opponent and, therefore, is not hearsay. *See* CRE 801(d)(2); *United States v. Harvey*, 117 F.3d 1044 (7th Cir.1997); *People v. Dunlap*, 124 P.3d 780 (Colo.App.2004).

Here, the prosecution offered the letter as an admission by defendant. Thus, the letter was not hearsay.

## D. Confrontation

■ Defendant contends the trial court violated her Confrontation Clause rights in admitting the letter. We disagree.

■ The Confrontation Clause of the Sixth Amendment to the Constitution, applicable to the states through the Fourteenth Amendment, provides "[i]n all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him." U.S. Const. amend. VI; *see Edwards v. People*, 129 P.3d 977 (Colo.2006). Generally speaking, the Confrontation Clause secures a defendant's right to cross-examine the witnesses bearing testimonial evidence against him or her. *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004).

■ It follows that the Confrontation Clause does not apply when the defendant is

the declarant. *See People v. Arnold,* 826 P.2d 365 (Colo.App.1991) (summarily rejecting defendant's Confrontation Clause argument as to portion of taped conversation consisting of words uttered by defendant himself); *State v. Anderson,* 409 A.2d 1290, 1298 (Me.1979) (Confrontation Clause does not apply to admissions; "the defendant's constitutional privilege is to enjoy the right to be confronted with, i.e. to cross-examine, the witnesses against him, not himself"); *State v. Goodridge,* 352 N.W.2d 384 (Minn. 1984) (admission constitutes a waiver of the right of confrontation); *see also People v. Meier,* 954 P.2d 1068 (Colo.1998) (under our adversary system, a party has the opportunity to explain his or her own words an adversary may use against him or her).

We conclude the admission of the letter did not violate defendant's right to confrontation because she was the declarant and had the opportunity to explain or deny the letter's contents.

### E. Other Crimes

██ Defendant contends the trial court erred in admitting the letter because it contained evidence of prior bad acts and the court failed to comply with CRE 404(b); *People v. Garner,* 806 P.2d 366 (Colo.1991); and *People v. Spoto,* 795 P.2d 1314 (Colo.1990). We disagree.

In this case, rather than referring to CRE 404(b), the prosecution argued the letter should be admitted because it was "relevant to explain [defendant's] ... connection to all of this," and to provide the jury with a complete understanding of the crime and its context. We conclude the surrounding circumstances indicated the letter, which was discovered in the place where other evidence indicated methamphetamine had been and was going to be manufactured, was closely related in both time and nature to the charged offenses; was part of the res gestae of the crimes; and, therefore, not subject to the procedural requirements imposed by CRE 404(b). *See People v. Quintana,* 882 P.2d 1366 (Colo.1994); *People v. Bernabei,* 979 P.2d 26 (Colo.App.1998)(res gestae includes prior episodes providing necessary background for charged offense).

### F. Burden of Proof

Defendant contends the trial court committed plain error and lowered the prosecution's burden of proof because it did not give a limiting instruction on the purpose for which the letter was to be considered. Her argument is premised on the assumptions that the trial court improperly admitted the letter and, without the letter, the prosecution would not have met its burden of proof with respect to the mental state required for her convictions.

However, the admission of the letter did not change the prosecution's burden of proof, and we have concluded the trial court properly admitted the letter.

██ Alternatively, defendant argues the trial court's failure to give a limiting instruction regarding the letter allowed the jury to consider it as proof of the matter asserted and gave it improper weight. However, defendant did not request a limiting instruction. A trial court's failure to give a limiting instruction, sua sponte, does not constitute plain error. *See People v. Pennese,* 830 P.2d 1085, 1089 (Colo.App.1991)("the failure of the court to give a limiting instruction, absent a defense request, is not reversible error").

Contrary to defendant's contention, the jury was free to consider the letter for its truth because it was not hearsay, *see* CRE 801(d)(1)(A), and the jury could determine its weight. *See People v. Martinez,* 1 P.3d 192 (Colo.App.1999).

Accordingly, the trial court did not lower the prosecution's burden of proof or commit plain error by failing to give a limiting instruction regarding the letter.

The judgment of conviction is affirmed.

MÁRQUEZ and ROTHENBERG, JJ., concur.