**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**April 17, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

EUGENE VELARDE,

　　　Petitioner - Appellant,

v.

LARRY REID, Warden, Centennial
Correctional Facility; JOHN
SUTHERS, Attorney General of the
State of Colorado,

　　　Respondents - Appellees.

No. 06-1545
(D.C. No. 03-CV-00615-RPM)
(D. Colo.)

---

**ORDER DENYING A CERTIFICATE**
**OF APPEALABILITY**

---

Before **LUCERO**, **HARTZ**, and **GORSUCH**, Circuit Judges.

---

Eugene Velarde, a Colorado state prisoner proceeding pro se, seeks a

certificate of appealability ("COA") to appeal the district court's denial of his 28

U.S.C. § 2254 habeas petition. For substantially the same reasons set forth by the

district court, we **DENY** a COA and **DISMISS**.

Velarde challenges his April 9, 1993 conviction, following a jury trial, for

distribution of a controlled substance and conspiracy to distribute a controlled

substance. He was sentenced under Colorado's habitual criminal statute to life

imprisonment. Velarde sought relief on direct and collateral appeal in Colorado

state court before bringing a timely habeas petition in federal court. Although he sought relief on additional grounds in his habeas petition to the district court, Velarde limits his application for COA from this court to two claims: (1) He was improperly denied his Sixth Amendment right of confrontation when the trial court admitted tapes recorded by a Drug Enforcement Agency ("DEA") informant, Norma Lopez, of the charged drug transaction; and (2) His trial counsel's performance was constitutionally deficient due to counsel's decision not to impeach the credibility of Lopez.

A writ of habeas corpus as to either of Velarde's claims may not issue unless the state court adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). In order to issue a COA, we must conclude that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted).[1]

---

[1] The Antiterrorism and Effective Death Penalty Act conditions a petitioner's right to appeal a denial of habeas relief under § 2254 upon a grant of

(continued...)

We turn first to Velarde's argument that the admission of the Lopez recordings violated his Sixth Amendment right under the Confrontation Clause. Although the government intended for Lopez to testify, she was murdered days after the charged transaction. Accordingly, it was forced to rely on tape recordings of the transaction that were made by Lopez via a DEA-installed wire transmitter. We are hamstrung in our review of this claim by Velarde's failure to include in the record the trial court's written order denying his motion to suppress the recordings. However, the transcript of the court's pretrial discussion with counsel indicates the court believed the recordings to be hearsay, but considered them sufficiently reliable, as "real-world transactions [that] have the ring of truth to them," to be admitted under Colorado's residual hearsay exception. See Colo. R. Evid. 807. On direct appeal the Colorado Court of Appeals affirmed on alternate grounds, holding that the recordings were admissible as res gestae evidence. Relying on People v. Quintana, 882 P.2d 1366 (Colo. 1994) and People v. Arnold, 826 P.2d 365 (Colo. Ct. App. 1991), the court of appeals determined that the recordings were not hearsay, because they "were not offered for their truth, but rather to illustrate the character of the charged crime – distribution of a controlled substance and conspiracy to distribute."

[1](...continued)
a COA. 28 U.S.C. § 2253(c)(1)(A).

- 3 -

"In considering a Confrontation Clause claim on habeas . . . we review a state court decision by assessing whether it is reasonably supported by the record and whether its legal analysis is constitutionally sound." Paxton v. Ward, 199 F.3d 1197, 1209 (10th Cir. 1999). "As a general matter, federal habeas corpus relief does not lie to review state law questions about the admissibility of evidence, and federal courts may not interfere with state evidentiary rulings unless [they] rendered the trial so fundamentally unfair as to constitute a denial of federal constitutional rights." Moore v. Marr, 254 F.3d 1235, 1246 (10th Cir. 2001) (quotations and citations omitted).

Several aspects of the recordings' admission as res gestae evidence give us pause, including: (1) the trial court's failure to instruct the jury that they were being admitted only as res gestae, see Quintana, 882 P.2d at 1379 (Erickson, J., concurring) (noting that res gestae was not at issue before the trial court); (2) the fact that the recordings were made by an informant with a motive to direct the conversations; and (3) the heavy reliance placed on the recordings as direct evidence of the charged crime.

Nevertheless, we may not overturn the trial court's decision to admit the recordings absent some showing that their admission violated Velarde's federal constitutional rights, and no such showing has been made. Rather, the Colorado Court of Appeals' holding that the recordings were admissible as res gestae evidence is a reasonable construction of Quintana. There is no question that the

recordings are "linked in time and circumstances with the charged crime," and could be used to provide the jury "with a full and complete understanding of the events surrounding the crime." Quintana, 882 P.2d at 1373 (quotations omitted). Velarde cites no Supreme Court or other federal case that casts doubt on Quintana, nor are we aware of any Supreme Court case defining the constitutional parameters of the admissibility of res gestae evidence. As a general matter, contemporaneous recorded statements have long been considered admissible as "verbal acts" of the declarant. See Mut. Life Ins. Co. v. Hillmon, 145 U.S. 285, 296 (1892) ("Such declarations are regarded as verbal acts, and are as competent as any other testimony, when relevant to the issue. Their truth or falsity is an inquiry for the jury."). In short, we can discern no basis to grant Velarde COA on this claim.

We next turn to Velarde's ineffective assistance claim. As noted by the district court, this claim is procedurally defaulted because it was not raised in state court proceedings and is now barred under Colorado law. See Colo. Rev. Stat. § 16-5-402. We are precluded from reviewing claims defaulted on adequate state procedural grounds unless Velarde demonstrates "cause and prejudice or a fundamental miscarriage of justice." Smith v. Mullin, 379 F.3d 919, 925 (10th Cir. 2004). Because Velarde does not present evidence sufficient to meet these standards, we are foreclosed from considering this claim on the merits. See Cannon v. Gibson, 259 F.3d 1253, 1265-66 (10th Cir. 2001).

Velarde's request for a COA is **DENIED** and his petition is **DISMISSED**. Because we conclude that Velarde presents a "reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal," <u>McIntosh v. U.S. Parole Comm'n</u>, 115 F.3d 809, 812 (10th Cir. 1997) (quotation omitted), we **GRANT** his motion to proceed on appeal in forma pauperis.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge